905 F.2d 1532
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Berry Ronnie CARVER, Defendant-Appellant.
 No. 89-5756.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 6, 1990.
Decided May 7, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CR No. 89-53-A)
 Louis Dene, Abingdon, Va., for appellant.
 Jerry Walter Kilgore, Assistant United States Attorney, Abingdon, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Berry Ronnie Carver appeals his conviction of possession of a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(g)(1). He claims that there was insufficient evidence to prove that he knowingly possessed a firearm. We find no merit in Carver's claim and affirm.
 
 
 2
 On September 2, 1988, Carver and his girlfriend drove from his home in North Carolina to Bristol, Virginia. Carver had an appointment at the Department of Social Services to visit with his grandson. Upon arriving in Bristol, Carver noticed for the first time that there were guns in his car. Since he was already in Bristol, he decided to proceed with his scheduled appointment. During the visit with his grandson, Carver was arrested on a warrant charging an unrelated offense. The arresting officer, Officer Carter, noticed a gun on the floor of Carver's car. When Carver told him during processing that he was a convicted felon, Carter called Agent Dowe of the Bureau of Alcohol Tobacco and Firearms and informed him of the possible federal firearms violation.
 
 
 3
 Agent Dowe testified that Carver told him there were two guns in the car and that he admitted they were his. Carver apparently had a nickname for one of the guns. After Carver consented to a search of his car, agents found three guns and ammunition. Carver said he did not know the third gun was in the car. Officer Carter and Agent Hoover also testified that Carver admitted the guns belonged to him. Officer Carter stated that Carver's girlfriend said the guns belonged to him and that they were in the car when they left North Carolina.
 
 
 4
 At trial, Carver first said he did not remember having any discussion with Agent Dowe as to the ownership of the guns. In response to further questioning, he said he thought he told Agent Dowe the guns belonged to his father. Carver's father testified that the guns belonged to him; he had bought them at a shooting match he ran the night before Carver's trip. He had borrowed Carver's car and, not realizing his son intended to take a trip the next day, he stored the guns in various places in the car.
 
 
 5
 There is sufficient evidence to support a conviction if, in reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). The evidence should be considered in the light most favorable to the government, and all reasonable inferences and credibility choices must be made in support of the jury verdict. United States v. Tresvant, 677 F.2d 1018 (4th Cir.1982).
 
 
 6
 Carver received the benefit of the following jury instruction at trial:
 
 
 7
 The purpose of adding the word knowingly in this indictment is to make sure that no one convicted for an act is done because of mistake or accident or some innocent reason. As stated before with respect to an offense such as charged in this case, specific intent must be proved beyond a reasonable doubt before there can be a conviction.[1]
 
 
 8
 Carver contends that the evidence was insufficient to prove a knowing violation. However, knowledge is not an element of the crime. E.g., United States v. Schmitt, 748 F.2d 249 (5th Cir.1984), cert. denied, 471 U.S. 1104 (1985); United States v. Kilburn, 596 F.2d 928 (10th Cir.1978), cert. denied, 440 U.S. 966 (1979); United States v. Haddad, 558 F.2d 968 (9th Cir.1977).[2] The government was thus required to prove only that Carver was a convicted felon who possessed weapons that had travelled in interstate commerce.
 
 
 9
 Carver admits he knew the guns were in his car at time of his arrest. Each of the government's witnesses testified that Carver admitted the guns they found in the car were his. Under the standards for reviewing post-verdict challenges to the sufficiency of the evidence, the evidence was clearly sufficient for a rational juror to find that Carver possessed a firearm.[3]
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court an argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Carver's indictment does not, in fact, charge a knowing violation; it merely charges unlawful possession in violation of 18 U.S.C. Sec. 922(g)(1)
 
 
 [2]
 Each of these cases states that knowledge is not an element of the crime of receiving a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(h). Nonetheless, the proscriptive language in Sec. 922(h) and 922(g) is identical
 
 
 [3]
 On appeal, the only element of the crime Carver challenges is his possession of a firearm